1

2

3

4

5

6

7

8

9      UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| SUSAN DIAZ, ) | Case No. CV 15-00142-JEM |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE |
| CAROLYN W. COLVIN, ) | COMMISSIONER OF SOCIAL SECURITY |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | |

12

13

14

15

16

17

18                              **PROCEEDINGS**

19          On January 8, 2015, Susan B. Diaz ("Plaintiff" or "Claimant") filed a complaint seeking

20   review of the decision by the Commissioner of Social Security ("Commissioner") denying

21   Plaintiff's application for Supplemental Security Income ("SSI") benefits.  The Commissioner

22   filed an Answer on May 11, 2015.  On September 17, 2015, the parties filed a Joint Stipulation

23   ("JS").  The matter is now ready for decision.

24          Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

25   Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"),

26   the Court concludes that the Commissioner's decision must be affirmed and this case

27   dismissed with prejudice.

28

**BACKGROUND**

Plaintiff is a 55-year-old female who applied for Supplemental Security Income benefits on October 24, 2008, alleging disability beginning January 1, 2008.  (AR 24, 126.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 24, 2008, the application date.  (AR 26, 128.)

Plaintiff's claim was denied initially on January 28, 2009.  (AR 126.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Brenton L. Rogozen on May 10, 2010, in Downey, California.  (AR 126.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 126.)  Vocational expert ("VE") Stephen M. Berry also appeared and testified at the hearing.  (AR 126.)

The ALJ issued an unfavorable decision on September 14, 2010.  (AR 126-135.)  On December 12, 2011, the Appeals Council vacated the September 14, 2010, hearing decision and remanded the case.  (AR 139-142.)

A remand hearing was held before ALJ Robert S. Eisman on July 18, 2013, in Norwalk, California.  (AR 23.)  Plaintiff appeared and testified at the hearing.  (AR 23.)  Plaintiff was represented by counsel.  (AR 23.)  Medical expert ("ME") Eric D. Schmitter and VE Joseph H. Torres also appeared and testified at the hearing.  (AR 23.)

The ALJ issued an unfavorable decision on September 5, 2013.  (AR 23-33.)  The Appeals Council denied review on November 19, 2014.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1.      Whether the ALJ properly considered Dr. Payam Moazzaz' examining opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

1  (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

2  based on the proper legal standards).

3  Substantial evidence means "'more than a mere scintilla,' but less than a

4  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

5  Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

6  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

7  401 (internal quotation marks and citation omitted).

8  This Court must review the record as a whole and consider adverse as well as

9  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

10  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

11  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

12  "However, a reviewing court must consider the entire record as a whole and may not affirm

13  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

14  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

15  F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

16

17  The Social Security Act defines disability as the "inability to engage in any substantial

18  gainful activity by reason of any medically determinable physical or mental impairment which

19  can be expected to result in death or . . . can be expected to last for a continuous period of not

20  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

21  established a five-step sequential process to determine whether a claimant is disabled. 20

22  C.F.R. §§ 404.1520, 416.920.

23  The first step is to determine whether the claimant is presently engaging in substantial

24  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

25  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

26  140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

27  combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

28  significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290.  Third, the ALJ must

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

///

///

///

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 24, 2008, the application date.  (AR 26, 128.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: obesity, right knee degenerative joint disease, status post total knee replacement (October 2011); and lumbar spine degenerative disc disease.  (AR 26.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 26.)

The ALJ then found that prior to February 1, 2012, Plaintiff had the RFC to perform a limited range of medium work as defined in 20 C.F.R. § 416.967(c).  (AR 26-27.)  As of February 1, 2012, the ALJ found that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> Claimant can exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects.  Claimant can stand and walk up to 6 hours and sit up to 6 hours in an 8-hour workday with normal breaks.  She can perform work that does not require climbing ladders, ropes or scaffolds, kneeling, crawling or walking on uneven grounds; and no more than occasional climbing of ramps or stairs, stooping or crouching.  Claimant can frequently handle and finger objects with her right and/or left upper extremity/hand, and occasionally operate foot controls with her right and/or left lower extremity; in addition, her work would not require concentrated or more than frequent exposure to hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions.

(AR 27-31.)  In determining the above RFCs, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here.  (AR 28.)

1    At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 31.)  The ALJ,

2  however, also found that (1) prior to February 1, 2012, considering Claimant's age, education

3  and RFC, there were jobs that existed in significant numbers in the national economy that

4  Claimant could have performed, including the jobs of hand packager, kitchen helper, and

5  laundry laborer (AR 31-32); and that (2) as of February 1, 2012, considering Claimant's age,

6  education and RFC, there are jobs that exist in significant numbers in the national economy

7  that Claimant could perform, including the jobs of cleaner/housekeeping, hand packer, and

8  assembler/small products (AR 32-33).  Consequently, the ALJ found that Claimant has not

9  been under a disability since October 24, 2008, the date the application was filed.  (AR 33.)

10                                              **DISCUSSION**

11    The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence

12  in formulating Plaintiff's RFC.  The ALJ did not err in rejecting the occasional overhead

13  reaching limitation of Dr. Moazzaz.  The ALJ's RFC is supported by substantial evidence.

14    **A.    Relevant Federal Law**

15    The ALJ's RFC is not a medical determination but an administrative finding or legal

16  decision reserved to the Commissioner based on consideration of all the relevant evidence,

17  including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20

18  C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence

19  in the record, including medical records, lay evidence, and the effects of symptoms, including

20  pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

21    In evaluating medical opinions, the case law and regulations distinguish among the

22  opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2)

23  those who examine but do not treat the claimant (examining physicians); and (3) those who

24  neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20

25  C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In

26  general, an ALJ must accord special weight to a treating physician's opinion because a treating

27  physician "is employed to cure and has a greater opportunity to know and observe the patient

28  as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If

1  a treating source's opinion on the issues of the nature and severity of a claimant's impairments

2  is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

3  not inconsistent with other substantial evidence in the case record, the ALJ must give it

4  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

5         Where a treating doctor's opinion is not contradicted by another doctor, it may be

6  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

7  treating physician's opinion is contradicted by another doctor, such as an examining physician,

8  the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

9  supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

10  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

11  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

12  may resolve the conflict by relying on the examining physician's opinion if the examining

13  physician's opinion is supported by different, independent clinical findings.  See Andrews v.

14  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

15  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

16  reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

17  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

18  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

19  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

20  examining physician or a treating physician"; such an opinion may serve as substantial

21  evidence only when it is consistent with and supported by other independent evidence in the

22  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

23      **B.**   **Analysis**

24      The ALJ found that Claimant has the severe medically determinable impairments of

25  obesity, right knee degenerative joint disease, status post total knee replacement, and lumbar

26  spine degenerative disc disease.  (AR 26.)  There is no finding of any medically determinable

27  impairment of the upper extremity or shoulder that would result in any manipulative or reaching

28  limitations.  Nonetheless, Plaintiff contends that the ALJ erred in rejecting the occasional

1   overhead reaching limitation assessed by examining orthopedist Dr. Payam Moazzaz.  (AR

2   575-580.)

3          Dr. Moazzaz' February 18, 2012, report indicates Plaintiff presented with complaints of

4   bilateral wrist and hand pain, right knee pain and lower back pain.  (AR 525.)  There was no

5   complaint of upper extremity impairment or of problems or pain in reaching.  Dr. Moazzaz noted

6   a February 2009 neurologic examination, which demonstrates 5/5 strength throughout all motor

7   groups.  (AR 576.)  He found full pain-free range of motion of the shoulder, elbow and forearm,

8   and bilateral wrists and fingers, with no tenderness to palpation.  (AR 577-578.)  He also found

9   5/5 strength in deltoid, external rotators, biceps, triceps, wrist extensors, wrist flexors, and

10  interrosei musculature, bilaterally.  (AR 578.)  He further found sensation in the upper extremity

11  to be intact.  (AR 579.)  Dr. Moazzaz found that Claimant's motor examination is intact

12  throughout the upper and lower extremities.  (AR 580.)  Dr. Moazzaz diagnosed mild

13  spondylolisthesis, obesity, status post right total knee arthoplasty, and bilateral carpel tunnel

14  syndrome.  (AR 29, 579.)  There was no diagnosis of any upper extremity impairment.

15         Dr. Moazzaz assessed Plaintiff with a light work RFC.  (AR 580.)  She can stand, walk,

16  and sit six hours out of an eight hour day.  (AR 580.)  Climbing, stooping, kneeling, and

17  crouching may be done occasionally.  (AR 580.)  Overhead activities may be done

18  occasionally.  (AR 580.)  Use of the hands for fine and gross manipulative movements may be

19  done frequently.  (AR 580.)  She does not require the use of any assistive device.  (AR 580.)

20         The ALJ gave Dr. Moazzaz' opinion "substantial weight" (AR 30), but did not adopt his

21  limitation to occasional overhead activities.  (AR 27.)  Plaintiff contends that the ALJ failed to

22  provide specific, legitimate reasons for rejecting this limitation.  Plaintiff also contends that the

23  alleged error is not harmless because an occasional overhead reaching limitation would

24  preclude the identified alternate occupations (cleaner, hand packer, and assembler), which

25  require frequent or constant reaching.

26         An ALJ, however, "need not discuss all evidence" but must explain why significant,

27  probative evidence has been rejected.  Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.

28  1984).  Dr. Moazzaz' occasional overhead reaching limitation is neither significant nor

8

1   probative.  SSR 96-8p*1 makes clear that an RFC assessment "considers only functional

2   limitations and restrictions that result from an individual's medically determinable impairment or

3   combination of impairments."  SSR 96-8p*1 also states, "It is incorrect to find that an individual

4   has limitations beyond those caused by his or her medically determinable impairments."  SSR

5   96-8p*3 further provides that the RFC assessment must be based <u>solely</u> on a claimant's

6   impairments: "The Act requires that an individual's inability to work must result from the

7   individual's physical or mental impairment(s).  Therefore, in assessing RFC, the adjudicator

8   must consider only limitations and restrictions attributable to medically determinable

9   impairments."  <u>Id.</u>

10       Dr. Moazzaz did not diagnose any upper extremity impairment that would result in an

11   overhead reaching limitation.  The record in this case is 940 pages, but is devoid of any

12   medical evidence of any upper extremity impairment that would support a reaching restriction

13   of any kind.  Indeed, Dr. Moazzaz in his own report found full pain free range of motion and

14   motor strength in the upper extremities.  In the absence of any finding or medical evidence of

15   an upper extremity impairment, the ALJ did not err in disregarding Dr. Moazzaz' occasional

16   overhead reaching limitation.  An ALJ may reject an examining physician's opinion when that

17   opinion is inconsistent with the physician's own report and when the opinion is not supported by

18   clinical findings.  20 C.F.R. § 416.927(d)(3); <u>Bray v. Comm'r</u>, 554 F.3d 1219, 1228 (9th Cir.

19   2009); <u>Batson v. Comm'r</u>, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004).

20       Plaintiff, moreover, did not complain to Dr. Moazzaz of any upper extremity impairments

21   or any pain or limitations in reaching.  (AR 575.)  Nor did she make such a complaint to any

22   other medical source in the record.  At the July 18, 2013, hearing, Plaintiff did not make any

23   complaints about her upper extremities or of pain or limitations in reaching.  (AR 75-95.)  The

24   ALJ repeatedly asked her about any other problems she had and she only identified problems

25   with her back and knees, but made no mention of  upper extremities or reaching.  (AR 82.)

26   Claimant's attorney, in argument at the end of the hearing, never mentioned upper extremity

27   impairments, pain in reaching or Dr. Moazzaz' occasional overhead reaching limitation.  (AR

28

1  100-101.)  Only after the hearing and issuance of the ALJ decision did Plaintiff raise the issue

2  of Dr. Moazzaz' overhead reaching limitation.

3          Nor is it the case that the ALJ failed to discuss upper extremity impairments or reaching

4  limitations.  In the prior ALJ opinion of September 14, 2010, which covers a portion of the

5  disability period applicable here, the ALJ noted the January 2009 report of consulting

6  orthopedist Dr. Timothy Ross.[1]  (AR 30, 130, 133, 346-349.)  Dr. Ross found that motor

7  strength, sensation, and range of motion was grossly normal in Plaintiff's upper extremities

8  bilaterally, without any muscle atrophy.  (AR 130, 133.)  His report specifically states that there

9  is no upper extremity functional limitation.  (AR 349.)  A similar finding was made by Dr.

10  Thomas Peterson.  (AR 130, 133.)  Dr. Peterson, moreover, specifically opined that Claimant's

11  upper extremities "do not limit her ability to reach, handle or finger" or her ability to lift or carry

12  with her free hand.  (AR 133.)   In a December 2009 report, Dr. Peterson again states that

13  Claimant has no limitations in reaching, handling or fingering with either arm or hand.  (AR

14  344.)  A State agency reviewer, Dr. C. Friedman, found no reaching or manipulative or upper

15  extremity limitations.  (AR 133, 353, 352.)

16          In the absence of medical evidence of an upper extremity impairment that would support

17  an overhead reaching limitation, the ALJ was not obliged to discuss Dr. Moazzaz' occasional

18  overhead reaching limitation.  Dr. Moazzaz' opinion in this regard was neither significant nor

19  probative.  Vincent, 739 F.2d at 1394-95.  There was no error.

20          The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

21  determination is supported by substantial evidence and free of legal error.

22  ///

23  ///

24  ///

25  ///

26

27
_____

28      [1] The prior ALJ mistakenly stated Dr. Ross' report was dated January 13, 2008 (AR 130), but
   then correctly stated that the report was dated January 2009 later in the decision.  (AR 133.)

1

**ORDER**

2          IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

3    Commissioner of Social Security and dismissing this case with prejudice.

4

5    DATED: <u>October 15, 2015</u>                    <u>          /s/ John E. McDermott          </u>
                                                        JOHN E. MCDERMOTT
6                                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28